**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| TAHOE ECOMMERCE, LLC, a Nevada limited liability company,<br><br>    Plaintiff,<br><br>vs.<br><br>HUSSAIN RANA, an individual, dba MEATPROCESSINGTOOLS.COM,<br><br>    Defendants. | 3:11-cv-00725-ECR-WGC<br><br><br><br>**Order** |

Now pending is a motion to set aside default (#15).

### I. Background

On October 7, 2011, Plaintiff Tahoe eCommerce, LLC filed a complaint (#1) alleging claims for (1) violation of the Lanham Act; (2) unfair competition; (3) breach of contract; and (4) breach of the implied covenant of good faith and fair dealing. The complaint (#1) alleges that Plaintiff sells goods through a website located at www.meatprocessingproducts.com. (Compl. ¶ 6 (#1).) In 2011, Plaintiff purchased the business and all its tangible and intangible property relating thereto from its predecessor Product Station, Inc. through an online brokerage company named Business Brokers of America, Inc. ("BBA"). (Id. ¶ 7.) Prior to Plaintiff purchasing the business, and unbeknownst to Plaintiff, on or about March 25, 2010, Defendant executed a "Non Circumvent, Non-Disclosure

1  Agreement" ("NDA") with BBA.  (Id.)  Under the terms of the NDA,
2  Defendant was prohibited from using or divulging any information
3  regarding the business that was provided to him under the NDA.
4  (Id.)
5       Plaintiff alleges that it and its predecessor have continuously
6  used the mark "Meat Processing Products" and the website in
7  conjunction with the business, and that Plaintiff has applied for a
8  federal trademark registration for the meatprocessingproducts.com
9  mark.  (Id. ¶ 8.)  Plaintiff alleges that Defendant willfully and
10 maliciously commenced a business under the infringing names "Meat
11 Processing Tools" and "meatprocessingtools.com."
12      On October 11, 2011, a summons (#3) was issued against
13 Defendant Rana at an address in Weatherford, Texas.  On December 23,
14 2011, Plaintiff filed a Motion for Service by Publication (#5) which
15 we granted after an amended Motion (#7) was filed.  We ordered that
16 service of process against defendant may be made by publication by
17 publishing such summons in the Reno Gazette Journal and The Dallas
18 News for a period of four weeks.  Service by publication was allowed
19 because Plaintiff's Motion (#7) stated that a process server
20 attempted service on Defendant six times between October and
21 November to no avail, and then again in December.  The Clerk entered
22 default against Defendant on April 11, 2012.
23      On April 27, 2012, Defendant filed a Motion to Set Aside the
24 Default (#15).  On May 10, 2012, Plaintiff opposed (#16).  On May
25 22, 2012, Defendant replied (#17).
26 ///
27 ///
28
                                    2

## II. Discussion

Pursuant to Federal Rule of Civil Procedure 55(c), the court may set aside an entry of default "for good cause." In analyzing good cause, the court considers: (1) whether the defaulting party engaged in culpable conduct that led to the default; (2) whether the defaulting party has a meritorious defense; or (3) whether vacating the entry of default would prejudice the plaintiff. See Franchise Holding II, LLC v. Huntington Restaurants Group, Inc., 375 F.3d 922, 925-26 (9th Cir. 2004). Default judgments are appropriate "only in extreme circumstances; a case should, whenever possible, be decided on the merits." TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001).

### A. Culpable Conduct

A defendant is culpable if he had "actual or constructive notice of the filing of the action." Direct Mail Specialists, Inc. v. Eclat Computerized Techs. Inc., 840 F.2d 685, 690 (9th Cir. 1988). Furthermore, conduct is culpable "where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." Employee Painters' Trust v. Ethan Enters., Inc., 480 F.3d 993, 1000 (9th Cir. 2007).

Plaintiff claims that Defendant had actual notice of the filing of this action because Plaintiff's principal Clayton Fisher had multiple telephone conversations with Defendant's father who stated that he had told Defendant about the conversations. Defendant disputes this allegation, claiming that Defendant's father was informed that a lawsuit had been filed but was not provided any confirming information. Defendant disputes that he had any actual

3

information or knowledge about the action, and states that once he received the notice of default, he retained counsel and has taken appropriate action to respond. The parties dispute which address Defendant resided at while Plaintiff attempted to serve the summons and complaint.

While the facts are hotly disputed, it is at least apparent that Defendant may have been aware that there was a lawsuit filed against him somewhere.  Furthermore, notice of the summons was published for a period of four weeks in The Dallas News.  While the Court cannot find, based on the allegations, whether Defendant willfully, deliberately, or deviously avoided service of process, this factor weighs in favor of denying the motion to set aside the default.

**B. Meritorious Defense**

While a defendant seeking to set aside a default must present specific facts that would constitute a defense, "the burden on a party seeking to [set aside default] is not extraordinarily heavy." United States v. Signed Personal Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1094 (9th Cir. 2010).  All that is necessary to satisfy this requirement is to "allege sufficient facts that, if true, would constitute a defense." Id.  The question of whether those allegations are true is not to be determined at this stage; rather, it will be the subject of the later litigation. Id.

Defendant argues that Plaintiff's claims against him fail because the web addresses and trademarks are not substantially similar to each other, Defendant is not trading off of Plaintiff's business reputation and is not engaged in a substantially similar

4

business, the alleged contract is vague and the vagueness must be held against Plaintiff because Plaintiff authored the contract, and finally, that there is no actual trademark that exists to be infringed upon. While Defendant's defenses are fairly conclusory, the Ninth Circuit has indicated that a defendant's burden at this stage is "minimal." Id. Because the complaint (#1) itself is fairly conclusory and the merits of the case depend on delving into deeper issues of whether the businesses here were similar, whether Plaintiff is entitled to a trademark, and other such issues, we find that this factor weighs in favor of Defendant, who has alleged sufficient facts that, if true, would constitute a defense.

**C. Prejudice**

Plaintiff argues that it will be prejudiced if the default is set aside, as Plaintiff has spent thousands of dollars trying to serve Defendant, who allegedly evaded service for several months. Plaintiff has also spent money in obtaining an order to serve by publication. While Plaintiff has undoubtedly expended time, effort, and money to litigate the action to this stage, we find that the prejudice here is fairly minimal, as the action is at an early stage and the motion to set aside the default was filed before default judgment was requested.

There is some question as to the culpability of Defendant's conduct; however, the Court finds that setting aside the default in this case would allow the most equitable resolution. Default judgments are appropriate only in extreme circumstances and the law favors a decision on the merits whenever possible. Knoebber, 244 F.3d at 696. For that reason, and because Defendant appeared by

attorney shortly after allegedly first receiving documents concerning the case, the Court finds that the default shall be set aside such that the case may be decided on its merits.

### III. Conclusion

**IT IS, THEREFORE, HEREBY ORDERED** that the Motion to Set Aside the Default (#15) is **GRANTED**.

DATED: September 28, 2012.

_____
UNITED STATES DISTRICT JUDGE

6