Michael D. Rounds, Esq.
State Bar No. 4734
Matthew D. Francis, Esq.
State Bar No. 6978
WATSON ROUNDS
5371 Kietzke Lane
Reno, NV 89511
(775) 324-4100

Attorneys for Plaintiff
Tahoe eCommerce, LLC

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| TAHOE ECOMMERCE, LLC, a Nevada limited liability company, | Case No. 3:11-CV-00725-RCJ-WGC |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| HUSSAIN RANA, an individual, dba MEATPROCESSINGTOOLS.COM, | |
| Defendant. | |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and with the consent of the parties to this action, IT IS HEREBY ORDERED:

1.      All documents, materials, items, and/or information which are designated as confidential under the terms of this Protective Order, and contain or comprise confidential and sensitive research, development or commercial information produced either by a party or by a non-party to or for any of the parties shall be governed by this Protective Order.

2.      Any information produced by any party or non-party as part of discovery in this action may be designated by such party or non-party as (1) "Confidential" or (2) "Confidential-Attorneys' Eyes Only."  As a general guideline, materials designated "Confidential" shall be those confidential and sensitive things that may be disclosed to the parties for the purpose of the litigation, but which must be protected against disclosure to third parties.  As a general guideline,

1

materials designated "Confidential-Attorney's Eyes Only" shall be those confidential and

sensitive things of a proprietary business or technical nature which might be of value to a

potential competitor of the party or non-party holding the proprietary rights thereto, and which

must be protected from disclosure to such party and/or third parties.  Absent a specific order by

this Court, or written permission from the designating party, information once designated as

"Confidential" or "Confidential-Attorney's Eyes Only" shall be used by parties solely in

connection with this litigation, and not for any business, competitive, or governmental purpose or

function and such information shall not be disclosed to anyone except as provided herein.

　　　　　　3.　　　Any party or non-party wishing to come within the provisions of this Protective

Order shall designate, in writing, the documents, information, or portions thereof which he, she

or it considers confidential at the time such documents are produced or such information is

disclosed, or as soon thereafter as the person or entity seeking protection becomes aware of the

nature of the information or materials disclosed and sought to be protected hereunder.  In the

instance of documents, the items produced must be marked "Confidential" or "Confidential-

Attorneys' Eyes Only" by the producing party or non-party.  In the instance of depositions,

counsel may, in the record of the deposition, designate the transcript or portion thereof as

"Confidential" or "Confidential-Attorneys' Eyes Only," and only the parties identified in

paragraphs 4 and 5 may then be present in the depositions.  The witness under deposition or his

counsel may invoke the provisions of this Protective Order in a timely manner, giving adequate

warning to counsel for the party or non-party that testimony about to be given is deemed

"Confidential" or "Confidential-Attorneys' Eyes Only."  The designations should be made on the

record whenever possible, but a party may designate portions of a deposition either

"Confidential" or "Confidential-Attorney's Eyes Only" provided written notice of such

designation is given to each party no later than (10) ten days following receipt of the deposition

transcript.

　　　　　　4.　　　Documents, deposition testimony, or answers to interrogatories stamped

"Confidential," or copies or extracts therefrom, and compilations and summaries thereof, and the

information therein, may be given, shown, made available to, or communicated in any way only

to those parties or other persons who agree in advance to abide by this Protective Order and to whom it is necessary that the material be shown for purposes of this litigation.

5.    Documents, deposition testimony, or answers to interrogatories stamped "Confidential-Attorneys' Eyes Only" or copies or extracts therefrom, and summaries and compilations thereof, and the information therein, may be given, shown, made available to, or communicated in any way only to (a) the trial counsel designated on the pleadings for the law firms of record in this actions and those of their staff to whom it is necessary that the materials be shown for the purposes of this litigation; (b) consultants as defined in Paragraph 6 hereof and pursuant to the provisions on Paragraph 7 hereof.

6.    For purposes of Paragraph 5(b) hereof, a consultant shall be defined as a person who is not an employee of a party nor anticipated to become an employee in the near future, and who is retained or employed as a bona fide consultant or expert for purposes of this litigation, whether full or part-time, by or at the direction of counsel for a party.

7.    The procedure for having a consultant approved for access to information designated "Confidential-Attorneys' Eyes Only" shall be as follows:

(a)    The party seeking to have a consultant, as defined in Paragraph 6 hereof, approved shall provide the producing party with:

 i)    the name of the designated person;

 ii)    the present employer and title of said designated person;

 iii)    a resume or curriculum vitae of said designated person;

 iv)    a written acknowledgment, in the form of Attachment A hereto, signed by the designated person for whom approval is sought, that the person has read this Protective Order and agrees to be bound by its terms.

(b)    Within seven (7) calendar days after mailing (via overnight delivery) of the information and written acknowledgment described in subparagraph (a), the producing party may object to the person proposed for approval if facts available to the producing party give it genuine reason to believe that there is a reasonable likelihood that the designated person may use information designated "Confidential-Attorneys' Eyes Only" for purposes other than the

preparation or trial of this case.  Objections must be based upon a legitimate good faith belief in such unauthorized use and shall not be made for purposes of delaying approval of said designated person.  If an objection is found not to be made in good faith by the court, then the party whom the objection was made shall be entitled to reasonable attorneys' fees and costs. Failure to object within seven (7) calendar days to a person proposed shall be deemed approval, but shall but not preclude a producing party from objecting to continued access by that person where facts suggesting a basis for objection are subsequently learned by the producing party or its counsel.

(c)    If the producing party so objects, the producing and requesting party shall, within seven (7) calendar days from the date of the mailing of notice of objection, confer and attempt to resolve the dispute.  At the conference, the producing party shall inform the requesting party of its reasons for objecting to the designated person.  If the parties cannot resolve the dispute, or if the conference does not take place, then the producing party may move the Court for an order that access to information designated "Confidential-Attorneys' Eyes Only" be denied to the designated person.  The time periods are not to restrict either party from moving for a court order earlier if the circumstances so require.

(d)    The parties agree that the information identified above in subparagraph 7(a) shall constitute sufficient information from which to approve said designated person.

8.    All confidential information covered by this order shall be kept in secure facilities at trial counsel's offices and in no event be taken to or stored on the premises of a party without having first received written permission from the party designating the document confidential, and access to those facilities shall be permitted only to those designated persons set forth in Paragraphs 4, 5, and 6 of this Protective Order as persons properly having access thereto under the appropriately designated degree of confidentiality.  All counsel for the parties who have access to confidential information under this Protective Order acknowledge they are bound by this Order and submit to the jurisdiction of this Court for purposes of enforcing this Order.

9.    No party or non-party shall file or submit for filing as part of the court record any documents under seal without first obtaining leave of court.  Notwithstanding any agreement

4

among the parties, the party seeking to file a paper under seal bears the burden of overcoming the presumption in favor of public access to papers filed in court.

10.     If any document or information designated to be "Confidential" or "Confidential-Attorneys' Eyes Only" pursuant to this Protective Order is used during the course of a deposition herein, that portion of the deposition record reflecting such confidential information shall be sealed and stamped with the designated degree of confidentiality, and access thereto shall be limited pursuant to the other terms of this Protective Order.

11.     A party should designate as "Confidential" or "Confidential-Attorneys' Eyes Only" only such information or documents as the party reasonably and in good faith believes require and justify protection under this Protective Order.  If, at any time during the pendency or trial of this action, counsel for any party claims that counsel for any other party is unreasonably claiming certain information produced herein to be confidential, objecting counsel may make an appropriate application to this Court, with confidential portions thereof to be kept under seal, requesting that specifically identified documents, information, and/or deposition testimony be excluded from the provisions of this Protective Order or downgraded in terms of the degree of protection provided.  Before filing any such application, the party seeking relief shall confer with the other party to determine whether the matter can be resolved by agreement.

12.     The pretrial order submitted by the parties in this action shall address the treatment at trial of documents, information or testimony designated "Confidential" or "Confidential-Attorneys' Eyes Only" pursuant to this Protective Order unless the confidentiality of such information has been removed by agreement of counsel or by this Court in accordance with the provisions of Paragraph 11 of this Protective Order.

13.     At any hearing relating to this litigation prior to trial before any judicial officer, subject to the rules of evidence and order of the Court, a party may use any "Confidential" or "Confidential-Attorneys' Eyes Only" information or documents for any purpose, provided that adequate prior notice of such use is given to counsel for the opposing party to permit the opposing party the opportunity to obtain appropriate protection from the Court, including a request to the Court that the courtroom be cleared and that the court employees be advised as to

the terms of this Protective Order.  If any party reasonably anticipates that "Confidential" or "Confidential-Attorneys' Eyes Only" information or documents will be presented in any hearing in this litigation, it may request that the Court close the courtroom during such presentation.  If the Court denies any such request, the use of the "Confidential" or "Confidential-Attorneys' Eyes Only" information or documents in court shall not affect its coverage by this Protective Order or constitute a waiver of secrecy with respect thereto.

14.    The terms of this Protective Order shall apply to all manner and means of discovery, including entry onto land or premises and inspection of books, records, documents, and tangible things.

15.    This Protective Order shall be effective on the date entered by the Court.

16.    Within ninety (90) days after the conclusion of this action, unless otherwise agreed by the parties, all confidential materials and/or information shall be returned to the party or non-party who produced such materials, or to their respective counsel, or such information shall be destroyed, at the election of the receiving party, and if destroyed, the receiving party

///
///
///
///
///
///
///
///
///
///
///
///
///
///

shall provide written notice of such destruction within the time period prescribed by this paragraph.


      IT IS SO STIPULATED:

Dated:___November 1, 2012_____        Dated:___November 7, 2012_____

By:  /s/ Matthew D. Francis_____     By:  /s/ Marc Picker_____
WATSON ROUNDS                 MARK PICKER, ESQ., LTD.
Michael D. Rounds               Marc Picker, Esq.
Matthew D. Francis              729 Evans Avenue
5371 Kietzke Lane               Post Office Box 3344
Reno, Nevada 89511             Reno, NV 89505-3344
Telephone: (775) 324-4100       Telephone: (775) 324-4533
Email: mrounds@watsonrounds.com   mpickesq@msn.com
Email: mfrancis@watsonrounds.com

Attorneys for Plaintiff             Attorney for Defendants


                       IT IS SO ORDERED:

                       _____
                       UNITED STATES MAGISTRATE JUDGE

                       DATED:___November 9, 2012._____

**Attachment A**

ACKNOWLEDGEMENT AND NONDISCLOSURE AGREEMENT

    I, _____, do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order entered in *Tahoe eCommerce, LLC v. Rana, et al.*, United States District Court for the District of Nevada, Case No. 3:11-CV-00725-RCJ-WGC, and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court.  I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

    Dated:_____        Signed_____