UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TAHOE ECOMMERCE, LLC, | 3:11-cv-00725-RCJ-WGC |
| Plaintiff, | **ORDER** |
| v. | |
| HUSSAIN RANA, an individual, dba MEATPROCESSINGTOOLS.COM, | |
| Defendant. | |

Before the court is Plaintiff Tahoe eCommerce, LLC, a Nevada limited liability company's ("Tahoe eCommerce") Motion to Compel Defendant Hussain Rana, an individual dba MEATPROCESSINGTOOLS.COM ("Rana"), to Supplement Responses to Discovery Pursuant to FRP 26(e). (Doc. # 52.) Rana filed a response (Doc. # 56)[1] and Tahoe eCommerce filed a reply (Doc. # 61).

**I. BACKGROUND**

This Complaint was filed on October 7, 2011 by Tahoe eCommerce against Rana asserting claims for unfair competition under the Lanham Act, 15 U.S.C. § 1051, *et. seq*., breach of contract and breach of the implied covenant of good faith and fair dealing related to Rana's operation of a business and website, www.meatprocessingtools.com, which Tahoe eCommerce alleges infringes its trademark, www.meatprocessingproducts.com. (Doc. # 1.) Rana was ultimately served by publication on February 28, 2012 (Doc. # 9), and the Clerk entered default against Rana, but the default was ultimately set aside by the court. (Docs. # 14, # 18.) Rana answered the complaint on October 3, 2012. (Doc. # 21.)

A discovery plan and scheduling order was entered on November 9, 2012, setting April 3,

---

[1] Rana also filed a motion to extend the time to respond to this motion (Doc. # 54), but subsequently filed a response (Doc. # 56); therefore, this motion is denied as moot.

2013 as the discovery cutoff date. (Doc. # 26.) On March 5, 2013, Tahoe eCommerce's attorney, Matthew Francis, moved to withdraw as counsel and that motion was granted the following day. (Docs. # 29, # 30.) Tahoe eCommerce's current attorney, Clifton J. Young, filed a notice of appearance on April 3, 2013. (Doc. # 31.) Tahoe eCommerce filed its motion for summary judgment on April 29, 2013. (Doc. # 32.) Rana's counsel was subsequently granted permission to withdraw, and Rana is now proceeding pro se. After several extensions were granted, briefing was completed, and then the motion was denied. (Doc. # 46.)

A status conference was held on March 10, 2014, and in light of the passing of the discovery deadline and denial of Tahoe eCommerce's motion for summary judgment the court ordered the parties to file their joint pretrial order and set trial for October 20, 2014. (Doc. # 48.) The joint pretrial order was filed on May 27, 2014. (Doc. # 50.) Trial remains set for October 20, 2014. (*Id*.)

On June 6, 2014, Tahoe eCommerce filed the instant motion to compel. (Doc. # 52.) In this motion, Tahoe eCommerce asserts that it served discovery, including a request for production of documents and interrogatories, on Rana and Rana served responses on February 11, 2013. (*Id.* at 3.) In response to requests 13, 15 and 29, Rana provided two-pages of documents. (*Id*.)   Tahoe eCommerce now contends that it does not know the basis for the information provided in these documents. (*Id*. at 5.)

In response to requests 5, 7, 9, 10, 12, 16, 18, 19, 20, 21, 22, 23, 25, 27 and 28, Rana responded that there were no responsive documents. (*Id.* at 3.)

As to requests 2, 14, 17 and 26, Rana responded that he was withholding specific sales information as privileged and then stated that the documents in question consist of a spreadsheet documentation of sales including names and identifying information of Mr. Rana's customers, and that the information which identifies customer names and other information is summarized under Federal Rule of Civil Procedure 26(b)(5). Tahoe eCommerce contends the summary was never provided. (*Id.*)

As to all but one of the remaining requests (1, 3, 4, 6, 8, 11, 30, 31, 32, 33, 34 and 35), Rana responding that no documents were in his possession, custody or control. (*Id*.) Tahoe

1  eCommerce argues that Rana was aware of the existence of documents, but did nothing to
2  procure and disclose those documents.
3  Finally, Tahoe eCommerce asserts that in response to its interrogatory 14 which asked
4  Rana to describe each sale of goods under the marks at issue, Rana responded: "The information
5  requested is provided in Bates ="; however, Rana never provided the bates label where the
6  information could be located. (*Id*. at 3-4.)
7  Tahoe eCommerce argues that Federal Rule of Civil Procedure 26(e) imposes a
8  continuing duty on a party to supplement responses to discovery, and Rana has failed to do so.
9  As a result, Tahoe eCommerce argues that at a minimum Rana should be required to disclose tax
10 returns for years 2011 through 2013 and any 1099-Ks for those years. (*Id*. at 4.)
11 In his response, Rana argues that Tahoe eCommerce is essentially seeking discovery
12 outside the deadlines of the discovery plan and scheduling order without timely seeking to
13 extend such deadlines, and at this point it is too late to do so. (Doc. # 56.)
14 In its reply, Tahoe eCommerce claims it is not seeking to extend the time for discovery or
15 serve additional discovery; instead, it wants the court's assistance in requiring Rana to
16 supplement responses to discovery previously served. (Doc. # 61.)

### II. DISCUSSION

18 Tahoe eCommerce's motion is **GRANTED IN PART AND DENIED IN PART**, as set
19 forth below.
20 First, the court points out that Tahoe eCommerce has not complied with Local Rule 26-
21 7(b)'s requirement that a discovery motion include a statement of the moving party certifying
22 that after a personal consultation and sincere effort to do so the parties have been unable to
23 resolve the dispute.
24 Second, it appears for the most part that Tahoe eCommerce is seeking to create an end-
25 run around the discovery plan and scheduling order deadlines as a result of its failure to timely
26 bring a motion to compel. Tahoe eCommerce waited to file this motion until after the discovery
27 cutoff passed, a motion for summary judgment was filed, briefed and denied, the joint pre-trial
28 order was filed and a trial date was set.

1  Federal Rule of Civil Procedure 26(e) only requires a party who has responded to a
2  discovery request to supplement or correct its response "in a timely manner if the party learns
3  that in some material respect the disclosure or response is incomplete or incorrect, and if the
4  additional or corrective information has not otherwise been made known to the other parties
5  during the discovery process or in writing" or as ordered by the court. Fed. R. Civ. P.
6  26(e)(1)(A)-(B).

7  If Tahoe eCommerce contested Rana's claims of privilege asserted in response to requests
8  requests for production 2, 14, 17 and 26, and interrogatory 14, its remedy was to file a motion to
9  compel; Tahoe eCommerce did not do so.

10  Tahoe eCommerce's argument that Rana has a "duty to supplement" to the extent that he
11  responded that certain documents requested were not in his possession, custody or control, is also
12  unavailing. Rule 26(e) requires a party to supplement its response if it learns it is incomplete or
13  incorrect. What Tahoe eCommerce advocates is that Rana has a duty to supplement to identify
14  documents that it responded it never had control over. This is beyond the purview of Rule 26(e).
15  If Tahoe eCommerce believed that Rana did in fact have a duty to obtain these documents, its
16  remedy was to timely file a motion to compel.

17  As to Tahoe eCommerce's argument that it does not know the basis for the information
18  provided in response to requests for production 13, 15, and 29, the answer is not to file a motion
19  to compel a supplemental response under Rule 26(e). Instead, when Tahoe eCommerce received
20  the information back in February of 2013, it could have sent a meet and confer letter demanding
21  a further response. It could have propounded additional discovery seeking an explanation of the
22  documentation provided. It also could have taken depositions on this topic. All of this should
23  have been done prior to the close of discovery, or an extension of the discovery cutoff should
24  have been sought. It does not appear that Tahoe eCommerce did any of these things.

25  The court does find, however, that Rana is required to supplement under Rule 26(e) his
26  responses to the extent he represented he would provide information and did not because it is
27  clear the responses are incomplete under Rule 26(e). It appears this could have been resolved
28  through communication between counsel and Rana. Nevertheless, Rana must produce the

summary information referenced in response to requests for production 2, 14, 17 and 26, and identify the bates number where the information responsive to interrogatory 14 is located. The motion is otherwise denied.

Finally, the court will address Tahoe eCommerce's request that Rana be required to produce tax returns and 1099-Ks for the years 2011 through 2013 as those would have been responsive to Tahoe eCommerce's requests for production 13 and 15 and to which Rana referred only to document HR000001. These requests ask for all documents which refer or relate to gross profits made from the provision of services or sale of goods under Tahoe eCommerce's marks. When Tahoe eCommerce received Rana's response and the accompanying document, it should have timely filed a motion to compel the production of this information or propounded additional discovery. It is not clear that the tax returns and 1099ks would specifically reflect the provision of services or sale of goods under Tahoe eCommerce's marks. Therefore, it is not apparent that these documents would have been responsive to the requests. As such, the court cannot conclude that Rana's response, which did not include these documents, was incomplete under Rule 26(e), and the court will not require production of those documents.

### III. CONCLUSION

Rana's motion to extend the time to respond to this motion (Doc. # 54), is **DENIED** as moot.

Tahoe eCommerce's motion to compel (Doc. # 52) is **GRANTED IN PART AND DENIED IN PART**, as set forth above.

July 22, 2014.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE